IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OTHA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03CV3253 |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD CLARKE and PATRICK COLERICK, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the plaintiff's motion for relief of judgment pursuant to Fed. R. Civ. P. 60(b) (Filing No. 57). Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the plaintiff's motion will be denied.

### BACKGROUND

The plaintiff, Otha Smith ("Smith"), is an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS"). He is currently housed at the Tecumseh State Correctional Institution. Defendant Harold Clarke ("Clarke") is employed as the Director of the NDCS. Defendant Patrick Colerick ("Colerick") is a licensed optometrist who provides optometry services to inmates at the NDCS.

Smith filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment. Smith also asserted state law claims, alleging

that the defendants were negligent in their treatment of his eye condition.  The defendants filed a motion to dismiss, which was denied (Filing No. 20).  The defendants later filed a motion for summary judgment, which was granted (Filing No. 55).  Subsequently, Smith filed this motion for relief of judgment pursuant to Fed. R. Civ. P. 60(b).

## DISCUSSION

As an initial matter, the Court notes that Smith filed a notice of appeal to the Eighth Circuit the day after he filed this Rule 60(b) motion.  As a result, the jurisdiction of this Court to decide Smith's Rule 60(b) motion has been raised.  As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004), citing *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996).  However, in *Pioneer Ins. Co. v. Gelt*, 558 F.2d 1303 (8th Cir. 1977), the defendant filed a motion for relief from judgment under Rule 60(b) during the pendency of his appeal from the underlying judgment.  The Eighth Circuit held:

> While there may be some conflict in authority, the better rule, and the one that we approve, is that in such a situation the district court

-2-

> has jurisdiction to consider the motion and if it finds the motion to be without merit to enter an order denying the motion, from which order an appeal may be taken. . . . If, on the other hand, the district court decides that the motion should be granted, counsel for the movant should request the court of appeals to remand the case so that a proper order can be entered.

558 F.2d at 1312, citing 11 Wright & Miller, Federal Practice & Procedure, Civil, § 2873.

In this case, the sequence of events is reversed, with the Rule 60(b) motion having been filed prior to the notice of appeal.  The Supreme Court addressed this situation in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982), finding that a district court had authority to entertain a motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed: "[A] subsequent notice of appeal is . . . ineffective if it is filed while a timely Rule 59 motion is still pending."  459 U.S. at 61.  In such a situation, the Court held that the notice of appeal is "a nullity."  *Id.*  On remand, the Third Circuit followed the Supreme Court's instructions and dismissed the appeal for lack of appellate jurisdiction.  *Griggs v. Provident Consumer Discount Co.*, 699 F.2d 642, 644 (3rd Cir. 1983).

Based on the reasoning in *Griggs*, the Court holds that Smith's notice of appeal is ineffective because it was filed

while his Rule 60(b) motion was still pending in this Court. Accordingly, the Court retains jurisdiction over Smith's Rule 60(b) motion.

In his Rule 60(b) motion, Smith argues that the Court should set aside its order granting summary judgment for the defendants. In that order, the Court held that the Nebraska State Tort Claims Act ("the Act") was applicable to Smith's state law negligence claims, and the claims were dismissed because Smith failed to comply with the requirements of the Act. The Act provides that no suit can be brought in district court "unless the State Claims Board has made final disposition of the claim." Neb. Rev. Stat. § 81-8,213. Because no evidence was presented that Smith ever filed an action with the State Claims Board, the Court held that Smith had not complied with the Act.

Smith now argues that the Court should reopen the case because he did file a claim with the State Claims Board prior to filing suit in this Court.[1] Smith claims that there has been a "mistake and/or misrepresentation by both the plaintiff and defendants" which has caused "a miscarriage of justice that should be corrected by reopening the case." See Plaintiff's Brief in Support of Motion for Relief of Judgment at 2.

---

[1] The exhibits submitted in Smith's Index in Support of Motion for Relief of Judgment show that Smith did in fact file a claim with the State Claims Board prior to filing this action.

In order to decide this issue, it is necessary to revisit the arguments and evidence presented by the parties in support of, and in opposition to, the defendants' motion for summary judgment. In support of their motion for summary judgment, the defendants argued that Smith's state law negligence claims should be dismissed because "[t]he plaintiff has failed to comply with the prerequisites required by the Act; there is no evidence, not even an allegation that any claim was ever filed with the State Tort Claims Board" (Filing No. 43). In his brief in opposition to summary judgment, however, Smith did not respond to the defendants' assertion that he failed to file a claim with the State Claims Board. Despite the fact that he had actually filed a claim with the State Claims Board, Smith neglected to present any proof to the Court. As a result, the Court granted the defendants' motion, holding that Smith had not complied with the requirements of the Act.

The Court stands behind its decision to grant summary judgment in favor of the defendants. It is well-settled that "[i]t is the plaintiffs' duty to offer any additional evidence in an effort to demonstrate that a genuine issue of material fact exists; it is not the court's responsibility to suppose what additional evidence the plaintiffs may have." *Alexis v. Bd. of Educ.*, 286 F. Supp. 2d 551, 558 (D. Md. 2003), citing *Smith v. Parham*, 72 F. Supp. 2d 570, 573 (D. Md. 1999). "Rule 56 does not

impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004), citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Moreover, "Judges are not like pigs, hunting for truffles buried in briefs." *Id.*, citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

As these cases illustrate, it was Smith's responsibility to demonstrate to the Court that an issue of material fact existed as to whether he had complied with the requirements of the Act.  Smith claims that he did not emphasize this fact because he thought the issue had already been decided by Judge Shanahan in his order denying the defendants' motion to dismiss (Filing No. 20).  In that order, Judge Shanahan held that Smith's allegations were sufficient to allege a state law negligence cause of action against defendant Colerick, and the Court invoked its supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a).  At that time, the parties had not raised the issue of the Act and whether its requirements had been met.  Thus, Smith was not justified in assuming that issue

had already been decided.  Following Judge Shanahan's ruling, this case was reassigned to this Court.[2]

In granting defendants' motion for summary judgment, the Court also held that it had no jurisdiction over Smith's negligence claims as the Act provides that "[t]he [state] district court, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim.  Suits shall be brought in the district court of the county in which the act or omission complained of occurred[.]"  Neb. Rev. Stat. § 81-8,214.  In addition, "the State of Nebraska has [not] waived its Eleventh Amendment immunity in the State Tort Claims Act because the act does not expressly specify the state's intent to subject itself to suit in federal court."  *Doran v. Condon*, 983 F. Supp. 886, 890 (D. Neb. 1997).  Thus, the Court was justified in dismissing Smith's state law negligence claims.

---

[2] The defendants then filed a motion for clarification (Filing No. 37), asking the Court to clarify whether Smith's third cause of action was considered a cause of action under the Nebraska State Tort Claims Act or whether it was founded on common law negligence principles.  The Court issued an order clarifying the prior holding, stating: "[I]t appears to the Court that plaintiff's third cause of action was not filed under the State Tort Claim Act but rather was filed as a common law negligence action" (Filing No. 39).  Smith appears to have misinterpreted this holding.  The Court merely stated that Smith's third cause of action was not *filed* under the State Tort Claims Act.  However, the Court did not reach the issue of whether Smith's claim *should have been* filed under the Act.

**CONCLUSION**

The burden was on Smith to produce evidence in opposition to the defendants' motion for summary judgment, in order to create a genuine issue of material fact regarding whether he had complied with the Nebraska State Tort Claims Act. Smith failed to produce such evidence, so the Court's decision to grant summary judgment in favor of the defendants was proper. Moreover, the Court was justified in dismissing Smith's state law negligence claims due to lack of jurisdiction. Accordingly,

IT IS ORDERED that Smith's motion for relief of judgment is denied.

DATED this 7th day of July, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court