IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OTHA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03CV3253 |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD CLARKE and PATRICK COLERICK, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

This matter is before the Court pursuant to the defendant Patrick Colerick's motion to dismiss (Filing No. 79). Having reviewed the motion, the parties' briefs and the applicable law, the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims. Therefore, defendant's motion will be granted.

**BACKGROUND**

The plaintiff, Otha Smith ("Smith"), is an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS"). He is currently housed at the Tecumseh State Correctional Institution. Defendant Harold Clarke ("Clarke") is employed as the Director of the NDCS. Defendant Patrick Colerick ("Colerick") is a licensed optometrist who provides optometry services to inmates at the NDCS.

On or about March 6, 1999, Smith was working in the kitchen at the Lincoln Correctional Center, when the chemical "Limeaway" splashed into his eye. Smith felt discomfort and

requested to see a doctor.  According to the defendants, Smith was scheduled for an eye examination on June 24, 1999, but failed to appear.[1]  In November 1999, Colerick examined Smith's eye and informed him that a cataract was causing his loss of eyesight. Colerick found that Smith's pupils reacted normally, which he claims indicated no evidence of a tumor.  Smith was given prescription lenses and told to return for another examination in a year.  On April 4, 2000, Smith complained of redness in his eyes and was examined by Colerick, who believed that the redness was a result of Smith's age and lack of sun protection.  Colerick once again found Smith's pupils and optic nerves to be normal. On May 21, 2001, Smith had another annual exam, during which he reported difficulty seeing out of his left eye for the past eight or nine months.  During this examination, Colerick claims that, for the first time, Smith's pupils did not react normally.  Thus, Colerick referred Smith to Dr. Larry Wood, an ophthalmologist. Dr. Wood examined Smith on May 22, 2001, and then referred Smith for an MRI, which revealed that a tumor was growing on Smith's pituitary gland and pinching his optic nerve.  Smith was referred to a neurosurgeon, Dr. George Greene, who performed surgery on October 10, 2001.  On June 30, 2003, Smith filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his

---

[1] Smith claims that he was unable to appear for his June 24, 1999, eye examination because he was in lockup and no one came to get him.

constitutional rights under the Eighth Amendment.  Smith also asserted state law negligence claims.

The Court granted summary judgment for the defendants, dismissing all claims on May 23, 2005 (Filing No. 56).  Plaintiff appealed to the Eighth Circuit Court of Appeals which affirmed the decision of the Court as to all federal claims and all state law claims against Clarke, but remanded Smith's state law claim against Colerick on the basis that Colerick was not an employee of the state for purposes of the protections of the Nebraska State Tort Claims Act (Filing No. 69).  Colerick now moves for dismissal of this state law claim (Filing No. 79), urging the Court to decline to exercise supplemental jurisdiction over Smith's state law claim.

**ANALYSIS**

The Court's supplemental jurisdiction over state law claims arises under 28 U.S.C. § 1367(a) which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the [court's] original jurisdiction."  28 U.S.C. § 1367(a).

Section 1367(c) provides that a federal district court "may decline to exercise supplemental jurisdiction" if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or

>claims over which the district court has original jurisdiction,
>
>(3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This subsection gives a court the discretion to reject jurisdiction over supplemental claims, "but only to a point." *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994). "The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein." *Id.* Thus, where the case clearly fits within one of the subsections listed above, the Court may decline to exercise supplemental jurisdiction. *Packett v. Stenberg,* 969 F.2d 721, 726-27 (8th Cir. 1992). The case here clearly fits within the third category, because it is a case in which "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The decision whether to exercise supplemental jurisdiction over state-law claims when federal claims have been dismissed depends upon "factors such as convenience, fairness, and comity." *See Pioneer Hi-Bred Int'l v. Holden Found. Seeds, Inc.,* 35 F.3d 1226, 1242 (8th Cir. 1994)(citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)). "Normally, when the

federal claims are disposed of before trial, these factors will lead a court to decline to exercise supplemental jurisdiction over the state law claims." *Krambeck v. Children and Family of Iowa, Inc.*, 451 F.Supp. 2d 1037, 1043 (S.D. Iowa 2006)(citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). Guided by these considerations, the Court will decline to exercise its supplemental jurisdiction over Smith's state law claim because the Court has not yet invested substantial judicial resources in the case, no trial date is yet set and discovery is still ongoing.

Dismissal of the state law claim will not prejudice Smith because 28 U.S.C. § 1367(a) tolls the state statute of limitations applicable to any state law claim which was timely brought in the United States District Court, under the Court's supplemental jurisdiction. Here, the applicable statute of limitations arises under Neb. Rev. Stat. § 25-222 and allows claims to be made within two years of the alleged act or omission. Where the cause of action alleges continuing negligent treatment, the statute of limitations does not begin to run until the treatment ends. *Ames v. Hehner*, 231 Neb. 152, 435 N.W.2d 869 (1989).

Smith appears to have been treated by Colerick up until October, 2001, when the tumor was removed. The initial complaint

appears to have been timely filed when it was filed in June, 2003.

Under 28 U.S.C. § 1367(d), the period of limitations is tolled "while the claim is pending and for a period of 30 days after it is dismissed, unless State law provides for a longer tolling period."  Thus, dismissal of Smith's state law claim against Colerick will not unduly prejudice Smith because he will have thirty days from the date of dismissal in which to file his claim in state court.  Thus, there are no factors such as convenience, fairness, and comity necessitating that the Court to retain supplemental jurisdiction.  Therefore, the Court will grant defendant's motion to dismiss.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 6th day of March, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court